Johnny LEWIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 50637.

Court of Criminal Appeals of Texas.

Nov. 26, 1975.

W. John Allison, Jr., Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, Jay Ethington and Bob Whaley, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery. Punishment, enhanced under the provisions of V.T.C.A. Penal Code, Sec. 12.-42(d) upon the finding of the jury that appellant had been convicted of two prior felony convictions as charged in the indictment, was set at life.

The indictment alleged the primary offense occurred on or about May 3, 1974, and the record reflects that trial was in February, 1975.

Appellant, in his sole contention, urges that the evidence is insufficient to support the conviction.

The thrust of appellant's contention is that the State has failed to sustain its burden in proving an essential element of the offense in that it was not proven that the appellant caused "bodily injury" to the complaining witness.

The pertinent portion of V.T.C.A. Penal Code, Sec. 29.02, defining the offense of robbery, provides:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this Code and with the intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another;

. . . . ."

Joy Bardo, secretary to the accountant for Southwest Airlines on the date in question, testified that, as was her custom, she picked up the day's deposits at the airlines ticket counter at Love Field and started toward her office some hundred yards away where she was going to prepare a bank deposit. Bardo identified appellant as the person who grabbed the suitcase in which she was carrying the money while she was en route to the office. Bardo stated she had a "tug of war" with appellant, that she got the suitcase back from appellant and appellant "twisted my arm back and got the bag back and I still had hold of it." Appellant then said "Don't give me any blank bitch, give me the bag," and Bardo released the bag in fear that "he [appellant] might hurt me." Relative to any injury sustained at the time in question, the witness related that appellant hurt her arm, caused "physical pain" to her and as a result of appellant's twisting her arm she sustained a small bruise to her arm.

V.T.C.A. Penal Code, Sec. 1.07—Definitions—(a)(7) reads in pertinent part:

"(a) In this Code:

(7) 'Bodily injury' means physical pain, illness, or any impairment of physical condition."

Appellant urges that the Legislature intended that a victim sustain greater injuries than that sustained in the instant case "to elevate ordinary purse snatching to robbery" and asks this Court to "define the ambit of pain that is sufficient to create the bodily injury condemned as robbery in Section 29.02(a)(1) . . . ."

In *Ramirez v. State*, Tex.Cr.App., 518 S.W.2d 546, where Sec. 1.07(a)(7), supra, was attacked as being so vague as to be violative of due process, this Court said:

"The terms 'physical pain,' 'illness,' and 'impairment of physical condition' are terms of common usage, and when construed 'according to the fair import of their terms,' in the context used in Section 1.07(a)(7), supra, are not 'so vague that men of common intelligence must necessarily guess at its meaning and differ as to their application.' [citations omitted] A person of ordinary intelligence, who would be law abiding, can determine with reasonable precision what conduct it is his duty to avoid."

A review of the victim's testimony in the instant case reflects that in the course of forcibly taking the suitcase containing money away from the victim, appellant twisted the victim's arm and caused her "physical pain." We find that the State sustained its burden in proving the element of "bodily injury" and conclude the evidence was sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.