IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-187-CR





LESTER RAY SMITH,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0910466, HONORABLE WILFORD FLOWERS, JUDGE



 





PER CURIAM



 The trial court found appellant guilty of aggravated robbery. Tex. Penal Code
Ann. § 29.03 (Supp. 1992). After finding that appellant had been previously convicted of two
felony offenses, the trial court assessed punishment at imprisonment for 30 years. We will affirm
the conviction.

 In his first point of error, appellant contests the sufficiency of the evidence to prove
that he caused "bodily injury" to the complainant. A person commits robbery if "in the course
of committing theft . . . and with intent to obtain or maintain control of the property, he: (1)
intentionally, knowingly, or recklessly causes bodily injury to another." Tex. Penal Code Ann.
§ 29.02 (1989). Robbery becomes aggravated when the person causes bodily injury to someone
65 years of age or over. § 29.03 (Supp. 1992).

 The complaining witness was Sue McElroy, a 76-year-old woman. McElroy
testified that she was preparing to take a bus home after shopping for groceries when the offense
occurred. McElroy was carrying a sack of groceries in her left arm and a purse with shoulder
straps over her right shoulder. Appellant approached from McElroy's left side and, while he
asked if he could help her, reached behind her back and pulled on the purse. McElroy dropped
the groceries in order to hold onto her purse. She testified that as they were struggling appellant
pulled her off the curb, where there was grass, onto the pavement. This caused McElroy to hurt
her foot. When a man came forward to help her, appellant ran away and was shortly after
arrested.

 McElroy also testified that two weeks before the offense she had had surgery on
her feet and that two four-inch pins had been left in each foot. She was wearing orthopedic shoes,
but took no medication because as long as nothing injured her feet, they did not hurt. McElroy
stated that after the scuffle with appellant, her foot was in pain. Police Officer Frisinger, who
was called to the robbery scene, testified that McElroy told him that her toes hurt.

 "Bodily injury" means "physical pain." Tex. Penal Code Ann. § 1.07(7) (1974). 
Physical pain, being a term of common usage, is construed according to its fair import. Lewis
v. State, 530 S.W.2d 117 (Tex. Crim. App. 1975); Tex. Penal Code Ann. § 1.05(a) (1974). The
degree of injury sustained by a robbery victim and the type of violence used by an accused are of
no moment in assessing the occurrence of physical pain. Lane v. State, 763 S.W.2d 785 (Tex.
Crim. App. 1989). As long as the violence is clearly perpetrated against another to prevent or
overcome resistance to theft, fine distinctions as to the degree or character of physical force do
not serve the purpose of the statute. Id. Here, McElroy testified that appellant's pushing her off
the curb caused pain to her foot. The trial court could find that appellant violently tugged at
McElroy's purse to overcome her resistance and, in so doing, caused McElroy pain. We overrule
point one. 

 In his second point of error, appellant argues that the State failed to prove its
allegation that he knowingly and intentionally caused bodily injury to McElroy. While the State
alleged the culpable mental states of intent and knowledge, proof of either mental state was
sufficient. Ely v. State, 582 S.W.2d 416 (Tex. Crim. App. 1979). A person acts knowingly with
respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause
the result. Tex. Penal Code Ann. § 6.03(b) (1974). Just as proof of bodily injury does not
depend on the severity of the violence used, the threshold of proof required to support a finding
of awareness that bodily injury is reasonably certain to occur is low. Lane, 763 S.W.2d at 787-88. 

 The evidence showed that McElroy was an elderly woman who, because of recent
surgery, was wearing orthopedic shoes which resembled a cast. Her toes, left uncovered by the
shoes, were wrapped and looked swollen. McElroy testified that she could not walk very well,
but was "scooting along." She also stated that appellant pulled her purse hard, that he kept
hanging on with a "bull-dog grip," and that she really fought for her purse. The trial court could
infer from the force appellant used in pulling on McElroy's purse that he was aware that his
conduct was reasonably certain to cause her bodily injury. We overrule point two.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: January 15, 1992

[Do Not Publish]