

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-067-CR
### NO. 2-07-068-CR

RANDALL BROWN                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In his sole point, Appellant Randall Brown appeals the trial court's refusal to charge the jury on the lesser-included offense of theft. We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## II. Factual and Procedural History

On April 12, 2005, at approximately 3:00 p.m., Laverne Edwards, an eighty-seven year old woman, was in her car, preparing to leave a Bank of America in Fort Worth, Texas, when her driver's side door flew open. Edwards was then pushed in the face and pushed over in the driver's seat. Appellant then reached across Edwards and grabbed her purse.[2] After grabbing Edwards's purse, Appellant turned and ran across a street and down an alley.

As Dusty Cloud was turning into the Bank of America parking lot, he testified that he saw Edwards lying on the parking lot and Appellant running across the street, away from the bank. Cloud then rolled down his window, and Edwards told him that a man had stolen her purse. Cloud began following Appellant behind some buildings and saw Appellant stop in a nearby parking lot between a dumpster and a green pickup truck. Two individuals, a man and a woman, were in the truck. Cloud called 9-1-1 to report the robbery and provided the dispatcher with the truck's location and license plate number.

Cloud then watched Appellant get into the truck and began following the truck, but he eventually lost sight of Appellant and went back to the bank to

---

[2] Edwards could not identify Appellant because she did not look at his face during the robbery. At trial, however, Appellant was identified as the robber by two other witnesses.

2

check on Edwards.  Cloud comforted Edwards, fixed her glasses, which had been broken during the robbery, and cleaned up her wounds.

After a ten-minute police chase, which consisted of police cars and the police helicopter, Appellant crashed his truck in a ditch.  Appellant was arrested without further incident.

Appellant was charged with the offenses of aggravated robbery of an elderly person and evading arrest or detention.  After Appellant pleaded not guilty to both offenses, a jury found him guilty of both offenses and sentenced him to thirty-five years' confinement for the offense of aggravated robbery and ten-years' confinement for the offense of evading arrest, to run concurrently.

Appellant does not raise any issues regarding his evading arrest conviction.  Accordingly, we affirm the trial court's judgment regarding that conviction.

### III. Lesser-Included Offense Instruction

In his sole point, Appellant argues that the trial court erred by refusing to instruct the jury on the lesser-included offense of theft.  The State asserts that Appellant was not entitled to an instruction on theft because no evidence presented at trial would allow a rational jury to convict Appellant only of the lesser offense.

## A. Standard of Review

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993). First, the lesser offense must come within article 37.09 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

"An offense is a lesser-included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *see also Hall*, 225 S.W.3d at 536. This inquiry is a question of law. *Hall*, 225 S.W.3d at 535. It does not depend on the evidence to be produced at the trial but is performed by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *Id.* at 525, 535–36.

Second, some evidence must exist in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672–73. The evidence

4

must be evaluated in the context of the entire record. *Moore*, 969 S.W.2d at 8. There must be some evidence from which a rational jury could acquit the appellant of the greater offense while convicting him of the lesser-included offense. *Id.* The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id.* Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Hall*, 225 S.W.3d at 536.

## B. Applicable Law

Section 29.02 of the Texas Penal Code states in relevant part that a person commits the offense of robbery if "in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 29.02(a)(1) (Vernon 2003). Section 29.03 of the Texas Penal Code defines aggravated robbery. *Id*. § 29.03. The statute provides in relevant part that a person commits aggravated robbery when he commits robbery and "causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is: (A) 65 years of age or older[.]" *Id.* § 29.03(a)(3)(A).

5

Section 31.03 defines theft. TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2007). A person commits the offense of theft "if he unlawfully appropriates property with intent to deprive the owner of [the] property." *Id.*

### C. Analysis

Appellant was indicted for "intentionally or knowingly, *while in the course of committing theft of property . . .*, caus[ing] bodily injury to Laverne Edwards, a person 65 years of age or older, by striking her with his hand, or by squeezing her with his hand, or by pushing her with his hand." [Emphasis added.] The first step of the test is therefore satisfied because theft is a lesser-included offense of aggravated robbery. *See Jones v. State*, No. 07-06-0297-CR, 2007 WL 2915499, at *2 (Tex. App.—Amarillo Oct. 8, 2007, pet. ref'd) (citing *Hall*, 225 S.W.3d at 535).

We now turn to an examination of the second step, that some evidence exists in the record that would permit a jury to rationally find Appellant guilty of only the lesser offense of theft. *See Hall*, 225 S.W.3d at 536. Appellant argues that he was entitled to the lesser-included offense instruction because Edwards testified that she was not injured during the course of the robbery, except that her "face was cut." Additionally, Appellant points to a tape recording on which Edwards allegedly gave a statement to the police that she

6

was not injured to support his contention.[3]  Appellant argues that Edwards's testimony is more than a mere scintilla of evidence that she did not sustain bodily injury and, therefore, the jury should have been instructed on the offense of theft.

Bodily injury is defined as "physical pain, illness, or any impairment of physical condition."  TEX. PENAL CODE ANN. § 1.07(8) (Vernon Supp. 2007). The Texas Court of Criminal Appeals has broadly interpreted the definition of bodily injury to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching."  *Lane v. State,* 763 S.W.2d 785, 786 (Tex. Crim. App. 1989) (holding that evidence was "sufficient to establish the element of bodily injury when a complainant testified she suffered physical pain when the defendant grabbed her briefcase and twisted her arm back, causing her to sustain a small bruise during the struggle"); *see also Lewis v. State,* 530 S.W.2d 117, 118 (Tex. Crim. App. 1975) (rejecting appellant's assertion that greater injuries than those actually suffered were necessary to elevate mere "purse snatching" to robbery).  Additionally, a fact finder may infer that a victim suffered pain from the existence of a cut, bruise, or scrape

---

[3] The audiotape was played for the jury, but it was not transcribed for the record nor was it admitted as an exhibit.  Accordingly, the audiotape is not before us.

7

on the victim's body. *Arzaga v. State*, 86 S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.).

Here, there is nothing in the record that shows that Edwards was not struck in the face. In fact, the record is abounding with evidence that she was struck in the face. To begin with, Edwards testified that when the robber pushed her in the face, he broke the skin on her face, and she suffered bruising. Additionally, the record contains four photographs showing the cut and bruising underneath Edwards's right eye. In his brief, Appellant even acknowledges that Edwards was struck across the face. Further, there is no evidence in the record that the cut and bruising were the result of Edwards not being struck during the robbery. Thus, because there is evidence that Edwards was struck in the face and suffered a cut underneath her right eye, the jury could infer that she suffered pain. *See id.*

Because there is no evidence that Edwards was struck in the face except for during the robbery, there is nothing in the record that would permit a jury to rationally find that if Appellant was guilty, he was only guilty of theft. *See Hall*, 225 S.W.3d at 536. Therefore, because there is no evidence to show that Appellant was guilty only of theft, he was not entitled to a lesser-included offense instruction. *See Lofton*, 45 S.W.3d at 652. Accordingly, we overrule Appellant's sole point.

8

## IV. Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgments.

PER CURIAM

PANEL M:   MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: May 29, 2008

9