COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-07-067-CR 

        NO. 2-07-068-CR

 

 

RANDALL BROWN                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

In his sole point, Appellant
Randall Brown appeals the trial court=s refusal to charge the jury on the lesser-included offense of
theft.  We affirm.

 

 








II. Factual and Procedural
History

On April 12, 2005, at
approximately 3:00 p.m., Laverne Edwards, an eighty-seven year old woman, was
in her car, preparing to leave a Bank of America in Fort Worth, Texas, when her
driver=s side door flew open.  Edwards
was then pushed in the face and pushed over in the driver=s seat.  Appellant then reached
across Edwards and grabbed her purse.[2]  After grabbing Edwards=s purse, Appellant turned and ran across a street and down an alley.

As Dusty Cloud was turning
into the Bank of America parking lot, he testified that he saw Edwards lying on
the parking lot and Appellant running across the street, away from the
bank.  Cloud then rolled down his window,
and Edwards told him that a man had stolen her purse.  Cloud began following Appellant behind some
buildings and saw Appellant stop in a nearby parking lot between a dumpster and
a green pickup truck.  Two individuals, a
man and a woman, were in the truck. 
Cloud called 9-1-1 to report the robbery and provided the dispatcher with
the truck=s location
and license plate number.








Cloud then watched Appellant
get into the truck and began following the truck, but he eventually lost sight
of Appellant and went back to the bank to check on Edwards.  Cloud comforted Edwards, fixed her glasses,
which had been broken during the robbery, and cleaned up her wounds.

After a ten-minute police
chase, which consisted of police cars and the police helicopter, Appellant
crashed his truck in a ditch. 
Appellant  was arrested without
further incident. 

Appellant was charged with
the offenses of aggravated robbery of an elderly person and evading arrest or
detention.  After Appellant pleaded not
guilty to both offenses, a jury found him guilty of both offenses and sentenced
him to thirty-five years= confinement
for the offense of aggravated robbery and ten-years= confinement for the offense of evading arrest, to run concurrently.

Appellant does not raise any
issues regarding his evading arrest conviction. 
Accordingly, we affirm the trial court=s judgment regarding that conviction.

III. Lesser-Included Offense
Instruction

In his sole point, Appellant
argues that the trial court erred by refusing to instruct the jury on the
lesser-included offense of theft.  The
State asserts that Appellant was not entitled to an instruction on theft
because no evidence presented at trial would allow a rational jury to convict
Appellant only of the lesser offense. 

 








A.  Standard of Review

We use a two-step analysis to
determine whether an appellant was entitled to a lesser-included offense
instruction.  Hall v. State, 225
S.W.3d 524, 528 (Tex. Crim. App. 2007); Rousseau v. State, 855 S.W.2d
666, 672-73 (Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993).  First, the lesser offense must come within
article 37.09 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); Moore v. State,
969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

AAn offense
is a lesser-included offense if . . . it is established by proof of the same or
less than all the facts required to establish the commission of the offense
charged.@  Tex. Code Crim. Proc. Ann. art. 37.09(1); see also Hall,
225 S.W.3d at 536.  This inquiry is a
question of law.  Hall, 225 S.W.3d
at 535.  It does not depend on the
evidence to be produced at the trial but is performed by comparing the elements
of the offense as they are alleged in the indictment or information with the
elements of the potential lesser-included offense.  Id. at 525, 535B36.








Second, some evidence must
exist in the record that would permit a jury to rationally find that if the
appellant is guilty, he is guilty only of the lesser offense.  Hall, 225 S.W.3d at 536; Salinas v.
State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau, 855
S.W.2d at 672B73.  The evidence must be evaluated in the context
of the entire record.  Moore, 969
S.W.2d at 8.  There must be some evidence
from which a rational jury could acquit the appellant of the greater offense
while convicting him of the lesser-included offense.  Id. 
The court may not consider whether the evidence is credible,
controverted, or in conflict with other evidence.  Id. 
Anything more than a scintilla of evidence may be sufficient to entitle
a defendant to a lesser charge.  Hall,
225 S.W.3d at 536.

B. Applicable Law

Section 29.02 of the Texas
Penal Code states in relevant part that a person commits the offense of robbery
if Ain the course of committing theft . . . and with intent to obtain or
maintain control of the property, he: (1) intentionally, knowingly, or
recklessly causes bodily injury to another.@  TEX. PENAL CODE ANN. ' 29.02(a)(1) (Vernon 2003). 
Section 29.03 of the Texas Penal Code defines aggravated robbery.  Id. ' 29.03.  The statute
provides in relevant part that a person commits aggravated robbery when he
commits robbery and Acauses
bodily injury to another person or threatens or places another person in fear
of imminent bodily injury or death, if the other person is: (A) 65 years of age
or older[.]@  Id. ' 29.03(a)(3)(A).  








Section 31.03 defines theft. Tex. Penal Code Ann. ' 31.03(a) (Vernon Supp. 2007). 
A person commits the offense of theft Aif he unlawfully appropriates property with intent to deprive the
owner of [the] property.@  Id. 

C.  Analysis

Appellant was indicted for Aintentionally or knowingly, while in the course of committing theft
of property . . ., caus[ing] bodily injury to Laverne Edwards, a person 65
years of age or older, by striking her with his hand, or by squeezing her with
his hand, or by pushing her with his hand.@ [Emphasis added.]  The first
step of the test is therefore satisfied because theft is a lesser-included
offense of aggravated robbery.  See
Jones v. State, No. 07-06-0297-CR, 2007 WL 2915499, at *2 (Tex. App.CAmarillo Oct. 8, 2007, pet. ref=d) (citing Hall, 225 S.W.3d at 535). 








We now turn to an examination
of the second step, that some evidence exists in the record that would permit a
jury to rationally find Appellant guilty of only the lesser offense of
theft.  See Hall, 225 S.W.3d at
536.  Appellant argues that he was
entitled to the lesser-included offense instruction because Edwards testified
that she was not injured during the course of the robbery, except that her Aface was cut.@  Additionally, Appellant points to a tape
recording on which Edwards allegedly gave a statement to the police that she
was not injured to support his contention.[3]  Appellant argues that Edwards=s testimony is more than a mere scintilla of evidence that she did not
sustain bodily injury and, therefore, the jury should have been instructed on
the offense of theft.








Bodily injury is defined as Aphysical pain, illness, or any impairment of physical condition.@  TEX. PENAL CODE ANN. ' 1.07(8) (Vernon Supp. 2007). 
The Texas Court of Criminal Appeals has broadly interpreted the
definition of bodily injury to include Aeven relatively minor physical contacts so long as they constitute
more than mere offensive touching.@  Lane v. State, 763
S.W.2d 785, 786 (Tex. Crim. App. 1989) (holding that evidence was Asufficient to establish the element of bodily injury when a
complainant testified she suffered physical pain when the defendant grabbed her
briefcase and twisted her arm back, causing her to sustain a small bruise
during the struggle@); see
also Lewis v. State, 530 S.W.2d 117, 118 (Tex. Crim. App. 1975) (rejecting
appellant=s assertion
that greater injuries than those actually suffered were necessary to elevate
mere Apurse snatching@ to
robbery).  Additionally, a fact finder
may infer that a victim suffered pain from the existence of a cut, bruise, or
scrape on the victim=s body. Arzaga
v. State, 86 S.W.3d 767, 778 (Tex. App.CEl Paso 2002, no pet.).

Here, there is nothing in the
record that shows that Edwards was not struck in the face.  In fact, the record is abounding with
evidence that she was struck in the face. 
To begin with, Edwards testified that when the robber pushed her in the
face, he broke the skin on her face, and she suffered bruising.  Additionally, the record contains four
photographs showing the cut and bruising underneath Edwards=s right eye.  In his brief,
Appellant even acknowledges that Edwards was struck across the face.  Further, there is no evidence in the record
that the cut and bruising were the result of Edwards not being struck during
the robbery.  Thus, because there is
evidence that Edwards was struck in the face and suffered a cut underneath her
right eye, the jury could infer that she suffered pain.  See id. 

Because there is no evidence
that Edwards was struck in the face except for during the robbery, there is
nothing in the record that would permit a jury to rationally find that if
Appellant was guilty, he was only guilty of theft.  See Hall, 225 S.W.3d at
536.  Therefore, because there is no
evidence to show that Appellant was guilty only of theft, he was not entitled
to a lesser‑included offense instruction. See Lofton, 45 S.W.3d at
652. Accordingly, we overrule Appellant=s sole point.








IV. Conclusion

Having overruled Appellant=s sole point, we affirm the
trial court=s
judgments.

 

PER CURIAM

 

PANEL M:   MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 29, 2008

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]Edwards could not identify
Appellant because she did not look at his face during the robbery.  At trial, however, Appellant was identified
as the robber by two other witnesses.





[3]The audiotape was played for the jury,
but it was not transcribed for the record nor was it admitted as an
exhibit.  Accordingly, the audiotape is
not before us.