# NO. 12-20-00132-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEREMY JEROI FREEMAN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 217TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jeremy Jeroi Freeman appeals his conviction for robbery.  In his sole issue, Appellant contests the sufficiency of the evidence to support his conviction.  We affirm.

### BACKGROUND

On May 11, 2019, just before Genco Federal Credit Union opened in Lufkin, Texas, Kim Getro, a credit union employee, observed a man later determined to be Appellant walking back and forth in the bank's parking lot prior to business hours.  The victim subsequently approached the bank's exterior doors to enter the building.  Getro observed Appellant say something to the victim, but she was unable to discern the content of their conversation.  After entering the bank, the victim told Getro that she did not know Appellant, and that he seemed to think she was in possession of his phone.  As the victim left the building, it appeared to Getro that Appellant attempted to take items from the victim.  In doing so, Getro observed Appellant grab and push the victim, so she called 911.  On the recorded 911 call, Getro related her observations.  The recording also contains other calls from motorists similarly describing the incident.

Lufkin Police Department Officer Zack Klein arrived and observed Appellant and the victim in the median of the intersection arguing with one another.  Appellant and the victim described their respective versions of the incident.  Appellant aggressively explained that he

believed the victim's property belonged to him. He claimed that the victim had his "speaker box." However, the property in question was the victim's phone, charging cord, and external battery pack. Other officers arrived and detained Appellant. Officer Klein entered the bank to speak with Getro concerning the events leading up to the altercation. After concluding the investigation, Officer Klein indicated to other officers that Appellant should be arrested and charged with robbery.

Appellant was indicted for robbery, to which he pleaded "not guilty." After the ensuing trial, the jury found Appellant guilty of the offense. The trial court conducted a punishment hearing and sentenced Appellant to fifteen years of imprisonment. This appeal followed.

<u>**EVIDENTIARY SUFFICIENCY**</u>

In his sole issue, Appellant contends that the evidence is insufficient to support the trial court's judgment.

**<u>Standard of Review</u>**

When there is a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *See **Brooks v. State**,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing ***Jackson v. Virginia***, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)) (concluding the ***Jackson*** standard "is the only standard that a reviewing court should apply" when examining the sufficiency of the evidence).

The factfinder is the sole judge of the witnesses' credibility and weight to be given to their testimony. ***Tate v. State***, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). The factfinder is free to believe or disbelieve all or any part of a witness's testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *see **Lee v. State**,* 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). Accordingly, we must defer to the factfinder's determination of weight and credibility of the witnesses' testimony. *See **Brooks**,* 323 S.W.3d at 899. Under this standard, we may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *See **id.***; *see also **Dewberry v. State**,* 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we defer to the factfinder's resolution of conflicting evidence unless the resolution is not rational. *See **Brooks**,* 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder

resolved the conflicts in favor of the prosecution and therefore defer to that determination. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Direct and circumstantial evidence are treated equally. ***Id.*** Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Each fact need not point directly and independently to the guilt of the appellant, provided that the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **id.*** The factfinder may draw multiple reasonable inferences so long as each inference is supported by the evidence admitted at trial. ***Tate***, 500 S.W.3d at 413. The duty of a reviewing court is to ensure that the evidence presented supports a conclusion that the defendant committed the crime charged. *See **Williams v. State***, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." ***Id.***

## Applicable Law

In relevant part, a person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 29.02(a)(1) (West 2019). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. ***Id.*** § 31.03(a) (West 2019). Appropriation of property is unlawful if it is without the owner's effective consent. ***Id.*** § 31.03(b)(1). Deprive means in relevant part to withhold property from the owner permanently or for so extended a period that a major portion of the value or enjoyment of the property is lost to the owner. ***Id.*** § 31.01(2)(A) (West 2019). The requisite specific intent to commit theft can be inferred from a defendant's conduct and remarks and from all surrounding circumstances. *See **Sanchez v. State***, 428 S.W.3d 240, 245 (Tex. App.—Houston [1st Dist.] 2014, no pet.). A verbal demand for money or property is not necessarily required to prove the intent to commit theft. *See **Edwards v. State***, 497 S.W.3d 147,

3

159 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). Moreover, the theft need not be successful to support a robbery conviction. *See id.*

With respect to the assault component of robbery, "bodily injury" is "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West 2021). A lasting physical injury or impairment is not necessary to sustain a finding that the defendant caused the victim bodily injury within the statutory definition. *Lewis v. State*, 530 S.W.2d 117, 118 (Tex. Crim. App. 1975). This definition is broadly construed to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). In the case of robbery, the bodily injury element is satisfied when "violence is clearly perpetrated against another for the purpose of . . . preventing or overcoming resistance to theft." *Id.* at 787 (alteration in original) (internal quotations omitted).

A person acts "intentionally" with respect to the result of his conduct when it is his conscious objective or desire to cause the result. *See* TEX. PENAL CODE ANN. § 6.03(a) (West 2021). A person acts "knowingly" with respect to the result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b). A person acts "recklessly" with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. *Id.* § 6.03(c).

## Discussion

Appellant contends that the State failed to prove his intent to deprive the victim of her property and the bodily injury element. Specifically, Appellant argues that he believed the property he forcefully took from the victim belonged to him. To support his claim, Appellant points to evidence that he did not leave the scene upon obtaining the property or when speaking to Officer Klein. He also points to his statement recorded on the officer's body camera that he believed the property belonged to him. However, the jury is the factfinder, the judge of the witnesses' credibility, and can infer the intent to commit theft from Appellant's conduct and remarks and from all surrounding circumstances. *See Sanchez*, 428 S.W.3d at 245. Contrary to Appellant's assertion, the victim testified that Appellant remained at the scene only because another bystander told Appellant, after he began to walk away, that he could not leave and that "we are going to wait for the law." Moreover, when Appellant attacked the victim, he mistakenly and repeatedly referred to the external battery pack as a speaker box. The jury could

4

have determined that, without knowledge of the true nature of the property, Appellant's belief that the charger belonged to him was unreasonable and that he intended to deprive the victim of her property. *See* *id.*

Second, Appellant contends that the evidence is insufficient to show that the Appellant caused bodily injury to the victim. Appellant points to Officer Klein's testimony that the victim had no visible injuries, bruises, or bleeding at the time of the incident, and that the victim did not mention that she suffered any injuries. However, Appellant ignores that Officer Klein immediately clarified that the victim told him that she experienced pain because of the assault. Appellant also relies on what he describes as inconsistencies in the victim's testimony. The victim testified that Appellant never hit or struck her. But this testimony does not foreclose an injury. TEX. PENAL CODE ANN. § 1.07(a)(8) (bodily injury includes physical pain); *Lane*, 763 S.W.2d at 786. Furthermore, the victim testified as follows:

> A. . . . [W]hen he reached down and grabbed the phone, he said, Fuck the police, and he started to snatch my phone from me. He got a hold of it and a hold of my hand. And I turned around to get away from him and he [bared] down on me and reached down from the front of me. And then I turned around and repulled that out to the street so I could get help.
>
> Q. When he was grabbing you from behind and you were wrestling, was it hurting you?
>
> A. Yeah, it hurts. My finger still hurts.
>
> Q. Was he grabbing you and squeezing?
>
> A. Grabbing and squeezing, like this, and he is wrestling everything away, trying to wrestle it all out on my hand. He's got his -- he's all big on me and I'm all down, like this, and he's wrestling everything away from me.
>
> Q. Were you able to kind of get yourself back away from him?
>
> A. I did. And then we stood up when we were fighting over that, and then we were -- he was pulling one side and I'm pulling the other. I told him, you can't have my stuff. And he got my phone away from me. I still had my charger, but he got my phone away from me and broke the cord -- it broke the -- the cord broke my middle finger, here, and he had my phone in his hand. He said -- then he told me, Bitch, I ain't robbing you. I told him, Dude, you have my phone in your hand.

Getro, the credit union employee who observed the incident, testified similarly to the victim's version of the fracas. Finally, Officer Klein's body camera footage largely confirmed this testimony. Based on the foregoing evidence, when viewed in the light most favorable to the verdict, giving due credit to the jury's resolution of the conflicting evidence and the weight given to the witnesses' testimony and other evidence, we hold that this evidence is sufficient to support

the bodily injury element to support Appellant's robbery conviction. *See Lane*, 763 S.W.2d at 788 (concluding that "the jury could have reasonably inferred from the force in appellant's conduct, namely, twisting [the victim's] wrists to obtain her wallet, that he was at the very least aware that his conduct was reasonably certain to cause her physical pain, and hence, bodily injury"); *Lewis*, 530 S.W.2d at 118 (holding grabbing briefcase, engaging in "tug of war" with victim resulting in twisting of her arm, along with threat sufficient to support robbery conviction); *Price v. State*, No. 03-16-00128-CR, 2017 WL 1534204, at *5 (Tex. App.—Austin Apr. 20, 2017, pet. ref'd) (mem. op., not designated for publication) (holding that pushing, bumping, and grabbing hands was sufficient to show bodily injury to support robbery conviction). Accordingly, the jury could have reasonably concluded that Appellant committed robbery.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, the judgment of the trial court is *affirmed*.

**BRIAN HOYLE**
Justice

Opinion delivered July 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 30, 2021

NO. 12-20-00132-CR

**JEREMY JEROI FREEMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2019-0434)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*